GABRIEL H. AVINA (State Bar No. 216099)
gabriel@avinalaw.com
SAMANTHA H. KIM (State Bar No. 282820)
Samantha.hm.kim@gmail.com
LAW OFFICES OF GABRIEL H. AVINA
3781 Cimarron Street
Los Angeles, California 90018
Telephone: (323) 299-1664 / Facsimile: (323) 315-5227

Attorney for Plaintiff
SUSAN RUSH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN RUSH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SANTA MONICA POLICE OFFICER ROBERT FUJITA #3338; SANTA MONICA POLICE OFFICER L. LOPEZ #3805; CITY OF SANTA MONICA; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No.: 2:15-CV-01304-DSF-MAN<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT THEREOF<br><br>Date:  November 16, 2015<br>Time:  1:30 p.m.<br>Court:  840<br><br>[Filed concurrently with Statement of Genuine Disputes of Material Facts; Declarations and Exhibits] |

TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF

RECORD:

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT THEREOF

-1-

1    COMES NOW PLAINTIFF SUSAN RUSH and submits Plaintiff's
2  Opposition to Defendants' Motion For Summary Judgment/Adjudication.  Plaintiff
3  opposes Defendants' Motion For Summary Judgment/Adjudication based upon the
4  accompanying Memorandum Of Points And Authorities, the Statement Of
5  Genuine Disputes Of Material Facts, the Declaration of Gabriel H. Avina and
6  evidence attached thereto, the Declaration of Susan Rush, all pleadings and papers
7  on file in this action, and any such other evidence and argument as may be
8  presented on behalf of Plaintiff at the hearing on this motion.
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

Plaintiff's Opposition to Defendants' Motion For Summary
Judgment/Adjudication ……………………………………………………1

Table of Contents ……………………………………………………….3

Table of Authorities ……………………………………………….4

MEMORANDUM OF POINTS AND AUTHORITIES …………………….6

I.  INTRODUCTION ………………………………………….6

II.  STATEMENT OF FACTS ……………………………….6

III.  ARGUMENT ……………………………………………7

  A. Summary Adjudication on the Bane Claim is unavailable…………………8

    1. Chilled Speech…………………………………………….9

    2. Causation……………………………………………….9

    3. California Constitution…………………………………….10

  B. Summary Adjudication on the Failure to Intervene claim should be

    denied………...………………………………………….12

IV.  CONCLUSION …………………………………….......12

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPPORT THEREOF

-3-

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986)……………………………………………………8

*Bolbol v. City of Daly City,*
754 F. Supp. 2d 1095 (N.D. Cal. 2010)…………………………………10

*Chaudhry v. City of Los Angeles,*
751 F.3d 1096 (9th Cir. Cal. 2014)………………………………………8

*Cunningham v. Gates,*
229 F.3d 1271 (9th Cir. 2000)………………………………………...11

*Eastman Kodak Co. v. Image Tech. Serv., Inc.,*
504 U.S. 451 (1992)……………………………………………………8

*Ford v. City of Yakima,*
706 F.3d 1188 (9th Cir. 2013)……………………………………………9

*Holland v. City of San Francisco,*
2013 U.S.Dist.Lexis 34294 (N.D.Cal. 2013)……………………………10

*Lacey v. Maricopa County,*
693 F.3d 896 (9th Cir. 2012)……………………………………………...9

*Skoog v. County of Clackamas,*
469 F.3d 1221 (9th Cir. 2006)…………………………………………8, 9

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contr. Ass'n.,*
809 F.2d 626 (9th Cir. 1987)……………………………………………...8

*Toscano v. PGA,*
258 F.3d 978 (9th Cir. 2001)……………………………………………...7

*United States v. Koon,*
34 F.3d 1416 (9th Cir. 1994)……………………………………………11

*United States v. One Parcel of Real Property,*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPPORT THEREOF

-4-

904 F.2d 487 (9th Cir. 1990)……………………………………………..8

*White v. Lee,*

227 F.3d 1214 (9th Cir. 2000)……………………………………………9

**Statutes**

California Civil Code

§ 52.1……………………………………………………………………..8

**Rules**

Federal Rules of Civil Procedure

Rule 56(a)………………………………………………………………7

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPPORT THEREOF

-5-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

On March 29, 2014, Susan Rush was driving on 11th Street in Santa Monica when she saw several boys being detained by police. She stopped her car and walked up to the boys, and asked one of them if he had been able to call his parents. Then she approached Defendant Fujita and asked for his name, holding her phone in her hand. Defendant Fujita responded by aggressively and sarcastically asking Ms. Rush if her phone was a weapon and if she was filming him before snatching the phone from Ms. Rush's hand and then quickly walking away. Defendant Fujita returned immediately, acccosted Ms. Rush, grabbed her violently and forced her to the ground and arrested her. A video shows her handcuffed on the ground, frightened. After criminal charges brought against Ms. Rush stemming out of the incident were dropped this action was filed.

On October 19, 2015, Defendants City of Santa Monica, Officer Robert Fujita and Officer Lizette Lopez filed a Motion for Summary Judgment or Alternately Summary Adjudication [MSJ]. The MSJ seeks summary adjudication on (1) part of Plaintiff's Bane Act claim and (2) Plaintiff's claim under 42 U.S.C. § 1983 against Defendant Lopez for failure to intervene in an incident taking place on March 29, 2014.

Plaintiff contends that a genuine dispute of material facts exists regarding (1) Plaintiff's violation of her freedom of speech by Defendant Fujita, and (2) Defendant Lopez's did have the requisite knowledge, position, ability and time to intervene in the constitutional violations by Defendant Fujita.  As such, the Court should deny Defendants' motion on those issues and allow a jury to decide the facts of this lawsuit between Plaintiff and Defendants.

### II.  STATEMENT OF FACTS

On March 29, 2014, Ms. Rush was driving on 11th Street in Santa Monica with her son and his friend. (GMF 9A.) They were going to pick up a pizza they

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT THEREOF

-6-

1  had ordered. (GMF 9A) As she neared Broadway Ms. Rush saw several boys

2  sitting on the curb and two police cars parked on the street. (GMF 9A) Ms. Rush

3  thought she recognized the boys from her son's school. (GMF 101) The boys

4  looked like they were scared (GMF 102) Ms. Rush thought that she should help

5  them. (GMF 102) Ms. Rush parked her car and walked towards the boys. (GMF

6  11) She crouched down next to one of the boys and asked him if had been able to

7  call his mother. (GMF 5A & GMF 15)  Ms. Rush then approached Defendant

8  Robert Fujita, who was standing near the building behind the boy Ms. Rush had

9  spoken to. (GMF 20)

10      Plaintiff asked Defendant Fujita for his name. (GMF 23 & GMF 103)

11  Defendant Fujita responded by aggressively and sarcastically asking Ms. Rush if

12  her phone was a weapon and if she was filming him. (GMF 25A & GMF 104)

13  Defendant Fujita then snatched Ms. Rush's phone from her hand and quickly

14  walked away. (GMF 25A, GMF 26A & GMF 104)  Immediately, Defendant Fujita

15  returned and accosted Ms. Rush, grabbing her and forcing her to the ground. (GMF

16  38 & GMF105)  Defendant Fujita applied pressure to Ms. Rush with his body as

17  she screamed out "I can't breathe," "you're breaking my arm," "he's killing me,"

18  and "someone please help me." (GMF 106) While he was on top of Ms. Rush, as

19  she lay on the ground, Defendant Fujita handcuffed her. (GMF107)

20      From the time that Ms. Rush was captured on video crossing 11th Street,

21  walking towards the boys detained on the curb, to the time that she had been

22  thrown onto the ground by Defendant Fujita only 67 seconds elapsed. (GMF 121,

23  122)

24  **III.   ARGUMENT**

25      Summary judgment or adjudication cannot be granted where there is a

26  "genuine dispute" as to any "material fact." *F.R.C.P. 56(a)*.  This Court must deny

27  a motion for summary judgment/adjudication unless (1) there is no genuine issue

28  as to any material fact, and (2) the moving party is entitled to judgment as a matter

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPPORT THEREOF

-7-

of law.  F.R.C.P. 56(a); *Toscano v. PGA*, 258 F.3d 978, 982 (9th Cir. 2001).  It is not the trial court's function at the summary judgment stage to weigh the evidence and determine the truth of disputed matters, but the court must only determine whether there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc., 477 U.S.* 242, 249 (1986).

In doing so, the court must view the evidence in the light most favorable to the non-moving party.  *Id.* at 255.  Summary judgment/adjudication is a drastic remedy and is therefore to be granted cautiously.  *Id.* ("trial courts should act . . . with caution in granting summary judgment").

Competent and specific testimony by a single declarant may create a triable issue as to a material fact although opposed by many other declarations to the contrary.  *United States v. One Parcel of Real Property*, 904 F.2d 487, 491-92 (9th Cir. 1990).  That said, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Liberty Lobby*, 477 U.S. at 255.

At the summary judgment/adjudication stage, the nonmovant's version of any disputed issue of fact is presumed correct.  *Eastman Kodak Co. v. Image Tech. Serv., Inc*., 504 U.S. 451 (1992); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contr. Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).  As discussed below, reasonable minds could differ on the inferences to be drawn from the evidence presented, and as such, Defendants' motion for summary judgment/adjudication should be denied.

**A. Summary adjudication on the Bane Act claim is unavailable.**

California Civil Code § 52.1 provides a cause of action for violations of a plaintiff's state or federal civil rights committed by "threats, intimidation, or coercion." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. Cal. 2014). 52.1 claims are not "entirely duplicative" of § 1983 claims and 52.1 claims can be premised on conduct that also supports a § 1983 claim. *Id.* at 1106.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT THEREOF

-8-

To prevail on a First Amendment retaliation claim, a plaintiff must show that the defendant's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Skoog v. County of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006). In addition, the evidence must enable Plaintiff ultimately to prove that the officers' desire to chill her speech was a but-for cause of their allegedly unlawful conduct. *See Lacey v. Maricopa County*, 693 F.3d 896, 916-17 (9th Cir. 2012) (en banc).

### 1. Chilled Speech

The Ninth Circuit has recognized that a retaliatory police action such as an arrest or search and seizure would chill a person of ordinary firmness from engaging in future First Amendment activity. *See Lacey*, 693 F.3d at 917 (retaliatory arrest); *Skoog*, 469 F.3d at 1232 (retaliatory search and seizure); *see also White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000) (holding that informal measures such as an investigation can chill First Amendment activities). A person of ordinary firmness would be chilled from future exercise of her First Amendment rights if she were booked and taken to jail in retaliation for her speech.

Therefore, a rational jury could find that the defendants deterred or chilled the future exercise of Ms. Rush's First Amendment rights. *See also Ford v. City of Yakima*, 706 F.3d 1188, 1194 (9th Cir. 2013).

### 2. Causation

Ms. Rush approached Defendant Fujita and asked him what was happening and then asked him his name, holding her phone in her hand. GMF 20A, 25A. Defendant Fujita responded to Ms. Rush in a rude and angry voice, stating "Are you filming me, is that a weapon," and then suddenly snatched her phone out of her hand and quickly walked away. GMF 25A. Defendant Fujita almost immediately returned and grabbed Ms. Rush's arm and threw her face first onto the sidewalk, applying force to her back and arms. GMF 105. Defendant Fujita then handcuffed and arrested Ms. Rush. GMF 107.  Defendant Fujita seized Ms. Rush's

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT THEREOF

-9-

phone immediately after she challenged him by asking him what was happening and asking for his name after she approached one of the boys detained on the curb and spoke to him. GMF 25A, 105, 107. After he walked away briefly with Ms. Rush's phone, Defendant Fujita returned to Ms. Rush and grabbed her by her left arm and threw her to the ground, where he used his body to apply pressure to Ms. Rush's back and arms. GMF 105. From the time that Ms. Rush was captured on video crossing 11th Street, walking towards the boys detained on the curb, to the time that she had been thrown onto the ground by Defendant Fujita only 67 seconds elapsed. GMF 121, 122. Defendant Fujita then handcuffed and arrested Ms. Rush. GMF 107. Ms. Rush was then transported to jail. GMF 119.

Defendants argue that Plaintiff will be unable to prove that (1) Defendant Fujita "took action that would chill or silence a person of ordinary firmness from future First Amendment activities and [that] such deterrence was a substantial or motivating factor in defendant's conduct." and (2) that Defendant Fujita's "desire to cause the chilling effect was a but-for cause of [defendant's] action." MSJ 7. Defendants are mistaken.

As explained above, a rational jury could find that the defendants deterred or chilled the future exercise of Ms. Rush's First Amendment rights. And, the seizure of Ms. Rush's phone was quickly followed by Defendant Fujita's use of excessive force against Ms. Rush by taking her to the ground, and his handcuffing and arresting her. This occurred within seconds of Ms. Rush's challenging Defendant Fujita by asking him what was happening and asking him for his name. GMF 25A, 26A, 27A, 103, 104, 105. At no point in time did Ms. Rush commit a crime or interfere in the investigation. GMF 120. Ms. Rush was given no warning to retreat. There was no probable cause for the arrest of Ms. Rush. A reasonable juror could infer from these facts that Ms. Rush would not have been arrested or subjected to excessive force had it not been for her showing compassion to one of the boys detained on the curb and then approaching Defendant Fujita and asking him what

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT THEREOF

-10-

1   was happening and asking him for his name. *See Holland v. City of San Francisco,*
2   2013 U.S.Dist.Lexis 34294 (N.D.Cal. 2013). Summary adjudication on the 52.1
3   claim should be denied.

4       **3.**    **California Constitution**

5          The California Constitution provides greater protection for the exercise of
6   free speech than does the First Amendment. *Bolbol v. City of Daly City*, 754 F.
7   Supp. 2d 1095, 1105 (N.D. Cal. 2010) (California's Liberty of Speech Clause
8   provides broader protections than the First Amendment.). Defendants do not
9   address the California Constitution in their Motion for Summary Judgment. Thus,
10   to the extent that the California Constitution provides greater free speech
11   protections than does the First Amendment in the context of this case, defendants
12   have waived any argument that the California Constitution did not protect Ms.
13   Rush's free speech rights.

14         **B. Summary adjudication on the failure to intervene claim should be**
15           **denied.**

16          Defendant Lopez was present during the entire incident on March 29, 2014,
17   during which Defendant Fujita seized Ms. Rush's phone, grabbed her and took her
18   to the ground and handcuffed and arrested her. GMF 108, 109, 110, 111.
19   Defendant Lopez had the ability to intervene to stop Defendant Fujita from
20   continuing to use excessive force against Ms. Rush and from handcuffing her and
21   arresting her. GMF 108, 109, 110, 111. Defendant Lopez failed to intervene. The
22   authority cited by the defendants is inapposite.

23         "[P]olice officers have a duty to intercede when their fellow officers violate
24   the constitutional rights of a suspect or other citizen." *United States v. Koon,* 34
25   F.3d 1416, 1447 n. 25 (9th Cir. 1994), *rev'd on other grounds,* 518 U.S. 81, 116 S.
26   Ct. 2035, 135 L. Ed. 2d 392 (1996). "Importantly, however, officers can be held
27   liable for failing to intercede only if they had an opportunity to intercede."
28   *Cunningham v. Gates,* 229 F.3d 1271, 1289 (9th Cir. 2000).

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPPORT THEREOF**

When Defendant Fujita grabbed Ms. Rush and threw her to the ground, Defendant Lopez was present. GMF 108, 109, 110, 111. When Ms. Rush was subdued on the ground Defendant Fujita continued to use excessive force against her and handcuffed her. There was no probable cause to arrest Ms. Rush. GMF 25A, 26A, 27A, 105. Defendant Fujita then subsequently arrested her and she was transported to jail. GMF 119. Defendant Lopez was present during the entire incident and failed to intervene in any way to stop Defendant Fujita from continuing to use excessive force against Ms. Rush and from arresting her without probable cause. GMF 108.

Defendant Lopez is not entitled to summary adjudication on this claim.

## IV.   **CONCLUSION**

Defendants move for partial summary adjudication on (1) part of Plaintiff's Bane Act claim, and (2) the failure to intervene claim against Defendant Lopez. Defendants' motion for partial summary adjudication should be denied in its entirety.

LAW OFFICE OF GABRIEL H. AVINA
Attorneys for Plaintiffs

Date: October 26, 2015            By _____/s/_____
                                     Gabriel H. Avina, Esq.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPPORT THEREOF