GABRIEL H. AVINA (State Bar No. 216099)
gabriel@avinalaw.com
SAMANTHA H. KIM (State Bar No. 282820)
Samantha.hm.kim@gmail.com
LAW OFFICES OF GABRIEL H. AVINA
3781 Cimarron Street
Los Angeles, California 90018
Telephone: (323) 299-1664 / Facsimile: (323) 315-5227

Attorney for Plaintiff
SUSAN RUSH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUSAN RUSH, an individual,

Plaintiff,

vs.

SANTA MONICA POLICE OFFICER ROBERT FUJITA #3338; SANTA MONICA POLICE OFFICER L. LOPEZ #3805; CITY OF SANTA MONICA; AND DOES 1 THROUGH 50, INCLUSIVE,

Defendants.

Case No.: 2:15-CV-01304-DSF-MAN

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND FACTS CONTROVERTING STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION FILED BY DEFENDANTS

DATE: November 16, 2015
TIME: 1:30 p.m.
PLACE: Courtroom 840

[Filed concurrently with Plaintiff's Opposition to Motion for Summary Judgment or Alternatively Summary Adjudication, Plaintiff's Statement of Genuine Disputes of Material Fact, Declaration of Gabriel H. Avina in Support of Opposition and Exhibits, Index to Exhibits]

PTC: January 25, 2016
Trial Date: February 23, 2016

TO: THE HON. DALE S. FISCHER, UNITED STATES DISTRICT JUDGE, AND TO THE DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PURSUANT TO Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-2, Plaintiff submits this Separate Statement of Genuine Issues of Material Fact and Facts Controverting Statement of Uncontroverted Facts [“Separate Statement of Genuine Issues of Material Fact” or “GMF”], in support of his oppositions to defendants’ motions for summary judgment, contesting defendants’ “uncontroverted facts” as elucidated below.

For the reasons stated here, the motion for summary judgment or alternatively summary adjudication should be denied.

Dated: October 26, 2015

Respectfully submitted,

/s/

**Gabriel H. Avina**
Attorney for Plaintiff

**Plaintiff's Statement of Genuine Disputes of Material Fact and Facts Controverting Statement of Undisputed Facts**

| Controverted Facts | Statement of Controverted Facts and Genuine Issues of Material Fact |
|---|---|
| 1. On March 29, 2014, at approximately 6:00 p.m. Officer Lizette Lopez of the Santa Monica Police Department was conducting a vandalism investigation regarding four juveniles. | 1A. Ex. C, Depo. Lopez 14:4-15:7.<br><br>Undisputed. |
| 2. Officer Lopez detained the juveniles because she had reasonable suspicion that a crime may have occurred; although, she did not see it, she saw broken windows, broken glass on the floor and one of the juveniles peering through the broken glass and he reached in and placed his hand through the glass. | 2A. Ex. C, Depo. Lopez 18:25 – 19:17.<br><br>Undisputed. |
| 3. Officer Lopez was filling out Field Interview (FI) cards to document their presence in the area. | 3A. Ex. C, Depo. Lopez 20:23 – 21: 19.<br>Undisputed. |

| | |
|---|---|
| 4. While Officer Lopez was bent down towards the juveniles completing the FI cards, an individual, later identified as Susan Rush, came within 2 inches of her, startling her. | 4A. Ex. C, Depo. Lopez 31:18 – 24.<br><br>Disputed.<br>When Ms. Rush arrived to the location, Officer Lopez was located on the other side of the four minors, which is not within 2 inches of Officer Lopez.<br>Deposition of Susan Rush, ("*Exhibit G*"), exhibit 3. Deposition of Susan Rush, ("*Exhibit G*"), 44: 2 - 45:1, notes that Ms. Rush wrote an "S" for the location of Susan, "F" for Officer Fujita and "L" for Officer Lopez. |
| 5. Ms. Rush immediately sat down next to a juvenile. | 5A. Ex. C, Depo. Lopez 34:18 – 20.<br><br>Disputed.<br>Plaintiff crouched down next to one of the boys and asked him if he had been able to call his mother. Declaration of Susan Rush, ¶ 3. |
| 6. When Ms. Rush first appeared Officer Fujita had already responded to the location to assist with the vandalism investigation. | 6A. Ex. C, Depo. Lopez 18:3-5.<br><br>Disputed in part.<br>It is not disputed that when Ms. Rush appeared Officer Fujita was already at the location. It is disputed, however, as to whether or not Officer Fujita was assisting in an "investigation." Officer Lopez was completing Field Interview (FI) cards |

| | |
|---|---|
| | on the juveniles when Officer Fujita arrived. Upon his arrival to the location, Officer Lopez told Officer Fujita that she did not believe the juveniles either vandalized or burglarized the property, but she wanted to complete FI cards to note their presence. Thus, Officer Lopez' legal basis for an investigation was already over by the time Officer Fujita arrived. Supplemental Incident Report by Lizette Lopez, ("*Exhibit I*"). |
| 7. When Officer Fujita arrived, Officer Lopez told him she was going to fill out the field interview cards and let the juveniles go. | 7A. Ex. C, Depo. Lopez 27:14-20.<br><br>Undisputed. |
| 8. On March 29, 2015, at approximately 5:30, Ms. Rush picked up her son and his friend to go get pizza. | 8A. Ex. D, Depo. Rush 32:13-22, 33:8 – 18.<br><br>Undisputed. |
| 9. However, Ms. Rush did not go get pizza because when she was driving on 11th Street she saw some kids sitting on the | 9A. Ex. D, Depo. Rush 34:12-13, 35:5-22.<br><br>Disputed, in part.<br>While driving to get pizza, Ms. Rush saw the kids |

| | |
|---|---|
| curb with police around them and she thought she knew them. The kids were male. | and at least one of the police cars. She did not see the police officers while she was driving. Deposition of Susan Rush, ("*Exhibit G*"), 38:12-17. |
| 10. The police officers were in uniform and she saw at least 2 police cars. | 10A. Ex. D, Depo. Rush 36:4-15.<br>Disputed in part.<br>Ms. Rush did not see the police officers while she was in her car.<br>She did not see the police officers while she was driving. Deposition of Susan Rush, ("*Exhibit G*"), 38:12-17. |
| 11. She parked the car and told her son and his friend, she was going to go check on the kids and would be right back. | 11A. Ex. D, Depo. Rush 40:12 – 24.<br><br>Undisputed. |
| 12. When Ms. Rush reached the corner of 11th and Broadway, the corner where the kids were sitting on the curb on Broadway, she noticed police officers in proximity to the four kids. | 12A. Ex. D, Depo. Rush 44:16-22.<br><br>Undisputed. |

| | |
|---|---|
| 13. When Ms. Rush first noticed the police officers, she noticed that the police officer at the far end of where the kids were sitting was a female. | 13A. Ex. D, Depo. Rush 44:21-45:1.<br><br>Undisputed. |
| 14. When Ms. Rush stepped up on the curb she did not hear either of the police officers speaking to anyone. | 14A. Ex. D, Depo. Rush 46:4-7.<br><br>Undisputed. |
| 15. When Ms. Rush stepped up on the curb she asked the kid closest to her if he was able to call his mom. | 15A. Ex. D, Depo. Rush 46:8-13.<br><br>Undisputed. |
| 16. Ms. Rush did not ask the police officer if she could speak to the children sitting on the curb. | 16A. Ex. D, Depo. Rush 46:14-16.<br><br>Undisputed. |
| 17. Ms. Rush doesn't recall if she sat down next to the kid that she asked if he could call his mom. | 17A. Ex. D, Depo. Rush 46:25-47:1<br><br>Undisputed. |

| | |
|---|---|
| 18. Ms. Rush doesn't recall if at the point that she asked the first kid closest to her if he could call his mom, if either of the police officers said anything to her. | 18A. Ex. D, Depo. Rush 47:4-7.<br><br>Undisputed. |
| 19. When Ms. Rush made the statement – asked the one kid if he could call his mom - she was the only one that spoke, and none of the four kids were speaking and neither of the police officers said anything. | 19A. Ex. D, Depo. Rush 47:8-48:11.<br><br>Undisputed. |
| 20. The next thing that took place after Ms. Rush asked the kid if he could call his mom was she walked over to where the male police officer was standing very close to the building and asked him "What's happening". | 20A. Ex. D, Depo. Rush 48:12-49:9.<br><br>Undisputed. |
| 21. When Ms. Rush asked the male officer "What's happening", the male officer said something which she | 21A. Ex. D, Depo. Rush 50: 8 -16.<br><br>Undisputed. |

| | |
|---|---|
| doesn't recall. | |
| 22. Between the point that Ms. Rush had asked the first kid on the curb if he could call his mom and the point that she asked the male police officer that was next to the building "What's happening", no one had said anything. | 22A. Ex. D, Depo. Rush 49:10-15.<br><br>Undisputed. |
| 23. She next asked the male officer him for his "name". | 23A. Ex. D, Depo. Rush 50:22-15.<br>Undisputed. |
| 24. At the point Ms. Rush asked the male officer for his name the female was at the far end where the kids were sitting. | 24A. Ex. D, Depo. Rush 51: 1-5.<br>Undisputed. |
| 25. The male officer then asked her if her "iPhone was a weapon and if she was filming him?" | 25A. Ex. D, Depo. Rush 51:24-52:2.<br>Disputed in part. Defendant Fujita responded to Ms. Rush in a rude and angry voice, stating “Are you filming me, is that a weapon,” and then suddenly snatched her phone out of her hand and quickly walked away. See GMF 104, below. [Dec ¶ 4, 5] |

| | |
|---|---|
| 26. He then took her iPhone and walked away towards the corner. | 26A. Ex. D, Depo. Rush 58:17-22. Disputed in part. *See* 25A. Defendant Fujita seized Plaintiff's phone from her hand. Deposition of Susan Rush, ("*Exhibit G*"), 53:12-13. Declaration of Susan Rush, ("*Exhibit F*"), ¶¶ 4-7. |
| 27. When the male officer took Ms. Rush's phone she doesn't recall what she did. | 27A. Ex. D, Depo. Rush 56:6-11. Disputed. When Defendant Fujita seized Plaintiff's phone she was trying to record his name. Deposition of Susan Rush, ("*Exhibit G*") 53:14-54:2. Declaration of Susan Rush, ("*Exhibit F*"), ¶¶ 4-7. |
| 28. Ms. Rush believes that after he walked away she looked at the female officer and said "He took my phone" the female officer said "He took your phone", like a question. | 28A. Ex. D, Depo. Rush 59:3-15. Undisputed. |
| 29. After the female officer said "He took your phone", the next thing that took place was Ms. Rush observed the female officer to receive a call and heard her say in response "Oh, | 29A. Ex. D, Depo. Rush 59:16 – 60:9. Undisputed. |

| | |
|---|---|
| they're free to go." | |
| 30. At this point the female officer was still standing at the end of the four kids, when she said they are free to go. | 30A. Ex. D, Depo. Rush 60: 10 -14. Undisputed. |
| 31. After Ms. Rush observed the female officer receive the call the female officer told them they could go. | 31A. Ex. D, Depo. Rush 60: 15 – 17. Undisputed. |
| 32. When the female officer told the four kids they were free to go she was still standing on the sidewalk at the far end of the four boys that were sitting on the curb. | 32A. Ex. D, Depo. Rush 60:18 – 22.<br><br>Undisputed. |
| 33. Ms. Rush thought the age of the boys was about fifteen. | 33A. Ex. D, Depo. Rush 61:4-7.<br><br>Undisputed. |
| 34. At the point that the female officer said to the boys that they were free to go, Ms. Rush | 34A. Ex. D, Depo. Rush 62:3 - 6.<br><br>Undisputed. |

| | |
|---|---|
| did not know where the male officer was. | |
| 35. Ms. Rush did not observe the four boys stand up and leave. | 35A.<br>Ex. D, Depo. 62:7-9.<br><br>Undisputed. |
| 36. At the point that Ms. Rush heard the female officer tell the four boys they were free to go, Ms. Rush was still standing in the same location that she was in when the male officer took her cell phone. | 36A. Ex. D, Depo. 62:24-63:4.<br><br>Undisputed. |
| 37. After the female officer told the four boys they were free to go, Ms. Rush observed the male officer come back from around the corner, that would have been the corner where you would walk around, turn right, onto 11th Street. | 37A. Ex. D, Depo. 62:10-23.<br><br>Undisputed. |
| 38. Ms. Rush claims that when the male officer returned from around the corner he attacked | 38A. Ex. D, Depo. 64:2-4.<br><br>Undisputed. |

| | |
|---|---|
| her. | |
| 39. When the male officer came back around the corner and attacked Ms. Rush the female officer was still at the far end of the kids on the sidewalk. | 39A. Ex. D, Depo. 64:5-15.<br><br>Disputed.<br>When Officer Fujita attacked Ms. Rush, Officer Lopez walked *over a couple of feet* and grabbed Ms. Rush's arm to assist Officer Fujita in handcuffing Ms. Rush. Deposition of Lizette Lopez, ("*Exhibit H*"), 46:1-11<br><br>Additionally, Officer Fujita testified in his deposition that he seized Ms. Rush's mobile phone when he was handcuffing her; this is untrue. According to the Video recording of Officer Fujita handcuffing Ms. Rush, recorded from Ms. Rush's iphone, (*"Exhibit J")*., someone was recording Officer Fujita handcuffing Ms. Rush from Ms. Rush iphone. Clearly, the person who is recording is not Ms. Rush or Officer Fujita, since they are both captured in the video recording. At this point of the incident, no other officers were present at the scene except Officer Lopez and Officer Fujita. Deposition of Lizette Lopez, *("Exhibit H"*), 49:18 – 50:2. Since Officer Lopez is the only person not captured in |

| | |
|---|---|
| | the video recording, one can deduce that Officer Lopez is the person behind the iphone recording the incident. Based on the video recording the distance between the person recording (Officer Lopez) and the incident of Ms. Rush being handcuffed is not as far as eight feet, but more like a few feet. |
| 40. Ms. Rush described the attack as the male officer pulled her arm behind her back and threw her to the ground. | 40A. Ex. D, Depo. 69:12-16.<br><br>Undisputed. |
| 41. The first time the male officer touched Ms. Rush she believes it was her left arm. | 41A. Ex. D, Depo. 72:3-12.<br><br>Undisputed. |
| 42. Ms. Rush recalls the officer may have been standing behind her when he first touched her left arm – it was very quick. | 42A. Ex. D, Depo. 72: 10-12.<br><br>Undisputed. |
| 43. At the point the male officer took a hold of Ms. Rush's left wrist, the female officer was where she had been | 43A. Ex. D, Depo. 74:15-23.<br><br>Disputed.<br>Defendant Lopez assisted Officer Fujita in |

| | |
|---|---|
| on the sidewalk the whole time at least eight feet or so away. | handcuffing Ms. Rush by *walking over a couple feet* and grabbing her arm. Deposition of Lizette Lopez, ("*Exhibit H*"), 46:1-11. |
| 44. When the male officer put Ms. Rush's arm behind her back and then she went forward to the ground Ms. Rush did not see the female officer approach or leave the location where she had previously seen her. | 44A. Ex. D, Depo. 74:24- 75:13.<br><br>Undisputed. |
| 45. When the male officer took the phone from her hand Ms. Rush was approximately 2 to 3 feet from him at the far end of where the one kid she spoke to was sitting, more towards the cross walk. | 45A. Ex. D, Depo. 54:14-18, 53:14-55:25.<br><br>Undisputed. |
| **Plaintiff's Facts Controverting Statement of Undisputed Facts** | **Supporting Evidence** |

| | |
|---|---|
| 101. Ms. Rush thought she recognized the boys from her son's school. | 101A. Declaration of Susan Rush, ("*Exhibit F*"), ¶2. |
| 102. Ms. Rush felt that she should help them because they appeared to be in trouble. | 102A. Declaration of Susan Rush, ("*Exhibit F*"), ¶2. |
| 103. When Ms. Rush approached Officer Fujita she had her iphone in her hand and asked for his name. | 103A. Declaration of Susan Rush, ("*Exhibit F*"), ¶ 4. |
| 104. Almost immediately after she asked for his name, Officer Fujita rudely and angrily said, "Are you filming me, is that a weapon," and then suddenly snatched Ms. Rush phone out of her hand and then he quickly walked away towards the corner. | 104A. Declaration of Susan Rush, ("*Exhibit F*"), ¶5. |
| 105. Almost immediately after he left, Officer Fujita cam back towards Ms. Rush and grabbed her left arm and threw her face first onto the sidewalk, and applied force with his body against her back and arms for what felt like a long time. | 105A. Declaration of Susan Rush, ("*Exhibit F*"), ¶6. |

| | |
|---|---|
| 106. While being forcibly held on the ground, Ms. Rush could not breathe, so she yelled, "I can't breathe," "you're breaking my arm," "he's killing me," and "someone please help me." | 106A. Declaration of Susan Rush, ("*Exhibit F*"), ¶¶ 6-7. In-car video and audio recording of Defendant Fujita, *("Exhibit K")*. |
| 107. Officer Fujita handcuffed Ms. Rush while he was on top of her, as she lay on the ground. | 107A. Declaration of Susan Rush, ("*Exhibit F*"), ¶8. |
| 108. Officer Lopez was present during the entire incident. | 108A. Declaration of Susan Rush, ("*Exhibit F*"), ¶9. |
| 109. According to Officer Lopez' deposition testimony, Officer Lopez assisted Officer Fujita by grabbing a hold of Ms. Rush's arm and then placing her left knee of top of Ms. Rush's thigh. | 109A. Deposition of Lizette Lopez, ("*Exhibit H*"), 46:5-22. |
| 110. According to Officer Lopez's deposition testimony, she placed her knee on Ms. Rush's thigh and attempted to gain control of Ms. Rush's hand and wrist so she could place handcuffs on Ms. Rush. | 110A. Deposition of Lizette Lopez, ("*Exhibit H*"), 46:5-22. |

| | |
|---|---|
| 111. Officer Lopez had her knee on Ms. Rush's thigh for approximately 1 minute. | 111A. Deposition of Lizette Lopez, ("*Exhibit H*"), 47:14-16. |
| 112. According to Officer Lopez' deposition testimony and her supplemental incident report, Officer Lopez placed the handcuffs on Ms. Rush's wrist. | 112A. Deposition of Lizette Lopez, ("*Exhibit H*"), 46:23 – 47:1. Supplemental Incident Report by Lizette Lopez, ("*Exhibit I*"). |
| 113. According to Officer Lopez' deposition testimony and her supplemental incident report, Officer Lopez clicked the handcuffs on Ms. Rush's right wrist. | 113A. Deposition of Lizette Lopez, ("*Exhibit H*"), 46:23 – 47:1. Supplemental Incident Report by Lizette Lopez, ("*Exhibit I*"). |
| 114. At the time of the incident, Ms. Rush was approximately 5' 5" and weighed 125 to 128 lbs. | 114A. Deposition of Susan Rush, (*"Exhibit G"*), 79:6 -13. |
| 115. While Ms. Rush was being handcuffed and arrested, there was no other officer present at the scene other than Officer Lopez and Officer Fujita. | 115A. Deposition of Lizette Lopez, ("*Exhibit H*"), 49:18 – 50:2. |
| 116. Officer Lopez observed Officer Fujita move Ms. Rush from one direction to another. | 116A. Deposition of Lizette Lopez, ("*Exhibit H*"), 50:11 – 15. |

| | |
|---|---|
| 117. According to Officer Lopez' Deposition, Ms. Rush just stood at the location and made statements before Officer Fujita placed her in a rear-double-wing control hold. | 117A. Deposition of Lizette Lopez, ("*Exhibit H*"), 63:14 – 20. |
| 118. Officer Lopez recorded Officer Fujita placing handcuffs on Ms. Rush. Although Officer Lopez does not admit to this action, it can only be Officer Lopez who is behind the iphone recording. At this point of the incident, no other officers were present at the scene except Officer Lopez and Officer Fujita. Since Officer Fujita and Ms. Rush are captured in the recording, one can deduce that Officer Lopez is the person behind the iphone recording the incident. | 118A. Video recording of Officer Fujita handcuffing Ms. Rush, recorded from Ms. Rush's iphone, (*"Exhibit J").*<br>Deposition of Lizette Lopez, ("*Exhibit H*"), 49:18 – 50:2, stating no other officers were present at the location during Ms. Rush's arrest. |
| 119. After her arrest on Broadway, Defendant Lopez transported Ms. Rush to the Santa Monica Jail. | 119A. Deposition of Lizette Lopez, ("*Exhibit H*"), Supplemental Report of Defendant Lopez, Exhibit 2 to the Deposition of Defendant Lopez, 54:12-25. |

| | |
|---|---|
| 120. Ms. Rush's phone was returned to her several months later, after the criminal case brought against her by Officer Fujita wad dismissed. | 120A. Declaration of Susan Rush, ("*Exhibit F*"), ¶10. |
| 121. Ms. Rush reviewed the in-car audio video recording of Defendant Fujita and saw herself crossing the police vehicle parked in the middle of the street, which is time stamped at 18:17:07. | 121A. Declaration of Susan Rush, ("*Exhibit F*"), ¶11. |
| 122. Ms. Rush heard the in-car audio video recording of Defendant Fujita where she is screaming at the time stamp of 18:18:14 | 122A. Declaration of Susan Rush, ("*Exhibit F*"), ¶12. In-car video and audio recording of Defendant Fujita, *("Exhibit K")*. |

LAW OFFICE OF GABRIEL H. AVINA
Attorneys for Plaintiffs

By /s/
Gabriel H. Avina, Esq.

20

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT AND FACTS CONTROVERTING STATEMENT OF UNDISPUTED FACTS